IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

JAMES HOBBS,                          )
                                      )
        Petitioner,              )
                                      )
                                      )    CIV-13-279-HE
v.                                    )
                                      )
UNITED STATES COURT OF                )
APPEALS FOR THE WESTERN               )
DISTRICT OF OKLAHOMA,                 )
                                      )
        Respondent.              )

SUPPLEMENTAL REPORT  AND  RECOMMENDATION

      Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.[1]  Petitioner is challenging the conviction for

Murder in the First Degree entered against him in the District Court of Oklahoma County,

Case No. CRF-95-2841, for which he is serving a term of imprisonment of life without

---

[1]Petitioner has styled the action as a "Notice of Appeal Writ of Mandamus."  Petitioner states that he is "[a]ppealing" a decision by the Oklahoma Court of Criminal Appeals ("OCCA") denying his post-conviction application, and his allegations, although obtuse, indicate that he is challenging his 1996 murder conviction.  Therefore, the Petition is construed as a 28 U.S.C. § 2254 petition seeking a writ of habeas corpus with respect to his 1996 murder conviction.

1

parole.[2] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be DENIED as an untimely second or successive habeas petition.

In Case No. CIV-98-628-M, Petitioner sought habeas relief in this Court pursuant to 28 U.S.C. § 2254 concerning his first degree murder conviction, and his petition was denied. Petitioner appealed this decision to the Tenth Circuit Court of Appeals. In an unpublished order entered February 15, 2000, the appellate court affirmed the district court's decision. Hobbs v. Gibson, 203 F.3d 835 (Table), 2000 WL 158980 (10th Cir. Feb. 15, 2000).

In his previous habeas proceeding, Petitioner alleged that his conviction was entered in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and its progeny because he had repeatedly requested an attorney during a taped interview with police and police officers continued to interrogate him until he confessed to the crime. Id. at *1. Applying the standard of review established by 28 U.S.C. § 2254(d), this Court found that the OCCA's application of controlling precedent to the facts of the case was not unreasonable and therefore Petitioner was not entitled to habeas relief. The Tenth Circuit Court of Appeals agreed that "the decision of the OCCA is not contrary to or an unreasonable interpretation of existing Supreme Court precedent." Id. (footnote omitted).

---

[2] http://docapp065p.doc.state.ok.us/servlet/page?_pageid=395&_dad=portal30&_schema=PORTAL30 (offender lookup last accessed June 25, 2013).

Petitioner again seeks habeas relief with respect to his murder conviction and sentence. In his Petition and attached pleading entitled "Judicial Notice Pursuant to Federal Rule of Evidence Rule 201," the best that can be gleaned from his obscure, rambling allegations is that Petitioner has come across what he deems is "newly discovered evidence" (Petition, at 17, 21) that he was compelled by a state psychologist and other state officials through "Acts of Psychological Warfare" to commit the murder offense.[3] He alleges that the state district court refused to allow Petitioner's "evidence and witnesses that were envolved [sic]" to be admitted during his trial. He also contends that in a recent post-conviction proceeding filed in the state courts the OCCA refused to rule on his pleading entitled "Judicial Notice" in violation of his constitutional rights (Petition, at 3, 30).

As part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 was amended to provide that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). This "screening" mechanism applies to the Petition now before the Court. See Felker v. Turpin, 518 U.S. 651, 664 (1996)(upholding constitutionality of 28 U.S.C. § 2244(b)(3)(A)); Hatch v. Oklahoma, 92 F.3d 1012, 1014 (10th Cir. 1996)(habeas petition filed after effective date of AEDPA must comply with its relevant provisions).

---

[3]Petitioner mentions that several incidents of mass shootings in the United States have also been the result of similar "acts of Psychological Warfare." Petition, at 9.

Because the previous disposition of Petitioner's habeas petition challenging the first degree murder conviction and sentence entered in Case No. CRF-95-2841 was on the merits, the instant Petition is successive. Therefore, absent prior authorization from the Tenth Circuit Court of Appeals, this Court lacks jurisdiction to consider the instant Petition. 28 U.S.C. § 2244(b)(3). Generally, "when a second or successive petition for habeas corpus relief under § 2254 . . . is filed in the district court without the required authorization . . . , the district court should transfer the petition or motion to [the appellate] court in the interest of justice pursuant to [28 U.S.C.] § 1631." Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997). However, "[w]here there is no risk that a meritorious successive claim will be lost absent a [28 U.S.C.] § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the appellate] court for authorization." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

A transfer of the unauthorized successive Petition would not further the interest of justice because Petitioner's habeas Petition is barred by AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Petitioner's conviction became final for the purpose of 28 U.S.C. § 2244(d)(1) many, many years ago, and he has not shown extraordinary circumstances prevented timely filing or due diligence in pursuing his federal claims. See Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2562 (2010). Thus, Petitioner is not entitled to equitable tolling. See id.

Petitioner's assertion that he only recently discovered a novel legal defense based solely on speculative mind-control measures is not a basis for equitable tolling. "[I]t is well

4

established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000)(quotation omitted).

Additionally, Petitioner's far-fetched claim that he could not be found guilty of the homicide offense because he lacked control over his actions does not assert a credible claim of actual innocence. <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995)(to establish credible claim of actual innocence prisoner must support claim with "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial"). Petitioner has not shown "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," <u>see</u> <u>id.</u> at 327, and he has therefore failed to assert any basis for equitable tolling. Under these circumstances, the successive Petition should be denied as it is time-barred.


<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED as time-barred and successive. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___July 16th__, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d

1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___26th___ day of ____June____, 2013.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE