# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-0279-HE |
| | ) | |
| UNITED STATES COURT OF | ) | |
| APPEALS | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff James Hobbs, a state prisoner appearing *pro se*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He is challenging his conviction for Murder in the First Degree entered against him in the District Court of Oklahoma County, Oklahoma, Case No. CRF-95-2841. He is serving a term of life imprisonment without possibility of parole.

Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to U. S. Magistrate Judge Gary M. Purcell, who recommended that plaintiff's petition be denied. Plaintiff has filed an objection to the report and recommendation. After conducting a de novo review of the issues to which plaintiff has objected, the court concludes the case should be transferred to the Tenth Circuit Court of Appeals for a determination of whether a successive petition should be permitted. *See* 28 U.S.C. § 2244(b)(3)(A).

The magistrate judge determined that this is plaintiff's second petition seeking habeas

---

[1]*Plaintiff termed his filing a "Notice of Appeal Writ of Mandamus." The magistrate judge treated the action as a § 2254 petition.*

relief and noted that "absent prior authorization from the Tenth Circuit Court of Appeals, this Court lacks jurisdiction to consider the instant Petition." [Doc. #11, pg. 3-4]; *see* 28 U.S.C. § 2244(b)(3)(A).[2] However, concluding that there was no risk that a meritorious claim would be lost by a denial now, he recommended that plaintiff's petition be denied rather than transferred to the Court of Appeals. The magistrate judge noted that the habeas petition is barred by the one year limitation in 28 U.S.C. § 2244(d)(1),[3] and that plaintiff had not shown a basis for equitable tolling. The latter conclusion was based in part on skepticism as to plaintiff's most recent "mind control" theory of defense.

In his objection, plaintiff contends that he has made "several attempts" to file writs with the Court of Appeals or other courts but has been denied access to the courts by various state actors. The exact nature of those efforts is not clear from plaintiff's objection. While the court agrees with Judge Purcell's analysis of plaintiff's potential claims and their likelihood of success, including his skepticism as to plaintiff's current theory of defense, it concludes, in light of plaintiff's statements of various attempts to seek circuit review of some sort, that the present petition should be transferred to the Court of Appeals for a determination as to whether his successive petition should be permitted. Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #11] in its analysis of plaintiff's claims, but concludes the case should be, and is, **TRANSFERRED** to the United States

---

[2] *"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. 2244(b)(3)(A).*

[3] *"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. 2244(d)(1).*

Court of Appeals for the Tenth Circuit for the necessary threshold determination.

**IT IS SO ORDERED**.

Dated this 8th day of October, 2013.

JOE HEATON
UNITED STATES DISTRICT JUDGE